# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15 CV 1127 DDN |
| MARSHALL MILLER, DINA MILLER, and SIGN IT UP, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action is before the court following the Rule 16 scheduling conference held on October 27, 2015, and upon the motion of defendants to dismiss defendant Sign It Up, LLC from this action and for a more definite statement of plaintiff's allegations of fraud (Doc. 13). The parties have consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c).

Plaintiff American Family Mutual Insurance Company commenced this action on July 21, 2015, against defendants Marshall Miller, Dina Miller, and Sign It Up, LLC. Plaintiff invokes the court's diversity of citizenship subject matter jurisdiction, which is granted by 28 U.S.C. § 1332.

Plaintiff alleged that it is incorporated under the laws of Wisconsin (Doc. 1 at ¶ 1), that it is a citizen of Wisconsin (id. at ¶ 6), that defendants Marshall Miller and Dina Miller are citizens of Missouri (id. at ¶¶ 3, 5), and that defendant Sign It Up, LLC was organized under the laws of Missouri and has its principal place of business in Missouri

(id. at ¶ 4). Plaintiff sought a declaratory judgment that it is not liable to defendants on its homeowners policy No. 24-D42758-01.

In its original complaint, plaintiff further alleged the following. The insured premises are located at 152 Southmore St., Hillsboro, Mo. 63050-4542. (Doc. 1-1, at 2.) On February 12, 2015, the dwelling insured by this policy was damaged by a fire that was not accidental. (Doc. 1 at ¶ 11.) Defendants made a claim under the policy for the damage to the property and its contents. Plaintiff alleges that the insured defendants caused the fire loss and concealed facts about the loss with the intent to defraud plaintiff. (Id. at ¶ 14.)

Thereafter, on August 6, 2015, defendants moved to dismiss the action for lack of subject matter jurisdiction, to dismiss defendant Sign It Up, LLC for plaintiff's failure to state a claim against this defendant, and for a more definite statement of plaintiff's allegations of fraud. (Doc. 6.) Defendants argued that plaintiff had neglected to allege its own principal place of business so the court could determine whether or not there was complete diversity of citizenship. Defendants argued that the location of plaintiff's principal place of business is disputed, and therefore the court was without subject matter jurisdiction under § 1332. (Doc. 7 at 2-3.) Defendants sought to dismiss the claim against Sign It Up, LLC on the ground that defendant was not an insured under the homeowners policy. (Id. at 4.) Defendants also sought, under F. R. Civ. P. 9(b) and Allstate Indemnity Co. v. Dixon, 304 F. R. D. 580, 2015 U. S. Dist. LEXIS 17201 (W. D. Mo. 2015), a more definite statement of plaintiff's allegations that defendants engaged in fraud against plaintiff. (Id. at 5-9.)

Coincidentally, from the record the court notes that also on August 6, 2015, defendant Sign It Up, LLC filed a judicial action in the Circuit Court of the City of St. Louis for breach of another policy issued to it by plaintiff, business owner's policy No. 24XL7961-04. (Doc. 14 at 2.)

The defendants' motion to dismiss was rendered moot on August 12, 2015, when plaintiff invoked the provision of F. R. Civ. P. 15(a) (1) allowing it to amend its complaint as a matter of course and filed its first amended complaint. (Doc. 10.) In it

plaintiff alleges its principal place of business is in Madison, Wisconsin. In Count 1, the amended complaint seeks a declaratory judgment regarding the parties' rights under the same homeowners policy. Plaintiff alleges that the policy insureds are defendants Marshall Miller and Dina Miller. For the same reasons alleged in the original complaint, plaintiff seeks a declaration that it is not liable to the defendants under the homeowners policy. (Doc. 10 at 3-7.)

In Count 2 of its first amended complaint, plaintiff seeks a declaratory judgment against defendants under another policy, No. 24-XL-796104, the business owner's policy sued on in the Missouri circuit court. Plaintiff alleges the insureds on this policy are defendants Sign It Up, LLC and Dina Miller, and that the insured premises are located at 152 Southmore St., Hillsboro, Mo. 63050-4542, the same insured premises on the homeowners policy. (Doc. 10-2 at 9).

## Motion to dismiss

On August 25, 2015, defendant Sign It Up, LLC alone moved to dismiss plaintiff's claim against it in the first amended complaint and for a more definite statement. Defendant argues that on August 6, 2015, it filed its own suit against plaintiff in the Circuit Court of the City of St. Louis, No. 1522-CC10330, for breach of the business owner's policy referred to in plaintiff's first amended complaint in this court. Sign It Up, LLC further argues it never filed a claim against plaintiff on the homeowners policy, but only on the business owner's policy on August 6, 2015. (Doc. 13.)

In support of its motion, Sign It Up, LLC argues, under the "first-filed" rule it is entitled to prosecute its suit in the Missouri circuit court because it filed for relief under the business owner's policy in that court before plaintiff filed, in its first amended complaint in this court, its Count 2 claim for relief under the business owner's policy. (Doc. 14 at 2.) Plaintiff argues that the allegations in its first amended complaint relate back to the filing of its original complaint which was filed prior to the filing of the state court suit.

The "first-filed" rule was explained by the Eighth Circuit in U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487 (8th 1990):

> The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. This first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply.

920 F.2d at 488 (internal quotation marks and citations omitted).

Defendants argue that this federal action does not qualify as the first-filed action among the parties, because diversity jurisdiction did not attach in this court with the filing of the original complaint. Defendants argue the complaint failed to allege plaintiff's principal place of business which was necessary for a corporate party. This allegation is necessary, defendants argue, to establish this court's subject matter jurisdiction. Defendants argue this court acquired subject matter jurisdiction over this action only when plaintiff filed its first amended complaint, which was after the state court action was filed. The court disagrees.

Plaintiff in the original complaint expressly invoked the court's diversity of citizenship subject matter jurisdiction granted by 28 U.S.C. § 1332. To indicate the required diversity of citizenship, the original complaint alleged that plaintiff American Family Mutual Insurance Company is a citizen of Wisconsin and that it was incorporated under the laws of Wisconsin. (Doc. 1, ¶¶ 1, 6.) It failed to expressly allege, as defendants point out, the state of plaintiff's principal place of business. However, the court notes there are only two statutory factors which establish a corporation's citizenship for diversity of citizenship purposes, i.e., where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The location of its principal place of business could arguably be inferred from its specific allegation that it was incorporated under the laws of Wisconsin and its general allegation that it is a citizen of Wisconsin. These allegations were sufficient for the court to initially determine that it had jurisdiction to proceed. Cf., Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d

1082, 1087 (9th Cir. 2014) (subject matter jurisdiction existed on incomplete information about the citizenship of defendants sufficient for the court to proceed and to resolve the matter by later pleading amendment).

In any event, the filing of the first amended complaint cured the original complaint's failure to specify plaintiff's principal place of business. And the allegations of plaintiff's first amended complaint related back to the original complaint. "An amendment to a pleading relates back to the date of the original pleading when: . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." See F. R. Civ. P. 15(c)(1)(B). The relation back function of Rule 15(c)(1) operates also when the amendment involves jurisdictional defects. Morlan v. Universal Guar. Life Ins. Co., 298 F.3d 609, 617 (7th Cir. 2002); E.R. Squibb & Sons, Inc. v. Lloyd's & Cos., 241 F.3d 154, 163 (2nd Cir. 2001) (regarding jurisdictional amount in controversy).

The amended complaint qualifies for the relation-back operation of Rule 15(c)(1)(B). Plaintiff's original complaint sought a declaration by the court that all three defendants are entitled to no relief under the homeowners insurance policy for 152 Southmore St., Hillsboro, Missouri. Clearly, defendants were entitled to, and did, challenge the sufficiency of those allegations against defendant Sign It Up, LLC, because that defendant was not an insured on the policy. It is an insured, however, on the business owner's policy issued for the same premises and at a time when both policies were in effect and when the same alleged loss occurred. Plaintiff asserts the same facts in defense of the claim on the business owner's policy that it asserts against the claim on the homeowners policy, i.e., that the individual defendants are responsible for the fire loss.

Another part of the record demonstrates that the plaintiff's claims relating to both policies arose out of the same "conduct, transaction, or occurrence" as those of the original complaint. Defendants have stated that plaintiff "immediately following the fire, assigned the business owner's policy claim an entirely distinct claim number (00-225-104280-6400) separate from the homeowner's claim number (00-845-041014-0200)," "referenced and acknowledged that the claims have been made under **two separate and**

**distinct policies**," "had their own claims adjustor fill in the top claims and policy information for the separate and distinct 'sworn proof of loss' claim as to the business owner's claim," and sent defendants' counsel letters referencing the two claims, one dated May 26, 2015 for the claim under the homeowners insurance policy and one dated June 16, 2015 for the claim under the business owner's policy. (Doc. 13 at 3-4.) Thus, when this federal action was commenced in July 2015, claims had been made by the defendant insureds on both policies for the same fire loss.

By the time defendants filed their state court action on August 6, 2015, they were all defendants in this federal action and the plaintiff's defense to their claim under the homeowners policy was their responsibility for the fire loss. This is the same position plaintiff alleges in the first amended complaint, albeit for the first time alleging both policies. The effect of Rule 15(c)'s relation back operation is to make this federal action the first-filed involving the claim of defendant Sign It Up, LLC on the business owner's policy.

Defendants invoke the court's ruling in Ayuso v. Certain Underwriters at Lloyd's of London, 2013 U.S. Dist. LEXIS 129347, 2013 WL 4854742 (E. D. Mo. 2013). In that case, the court stated, "'[t]he rule of [Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990)] [regarding the trial court's responsibility to determine the citizenship of all the members of a non-corporate organizational party], however, is 'technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization,' and does not admit of exceptions based on convenience or practicality.'" 2013 WL 4854742 at *4. The jurisdictional facts of Ayuso and of this case are very different. Ayuso involved the jurisdictional citizenships of the members of Lloyds of London, which were then largely unknown. The citizenships of the parties in this case are not complex and the location of plaintiff's principal place of business may still be tested. Therefore, the motion to dismiss defendant Sign It Up, LLC for lack of subject matter jurisdiction is denied.

### Motion for a more definite statement

Defendants also move for a more definite statement of plaintiff's allegation that they committed fraud.  As defendants argue, F. R. Civ. P. 9(b) requires plaintiff to "state with particularity the circumstances constituting fraud."   In its first amended complaint, plaintiff alleges the two policies do not provide coverage for defendants' loss, because "the loss was by or at the direction of an insured with the intent to cause a loss; and Defendants have concealed and/or misrepresented material facts and circumstances concerning the origin of the fire and the damage to their home with an intent to defraud or deceive Plaintiff."   (Doc. 10 at 6-7, 9.)  The court agrees with defendants that these are insufficient allegations of the alleged fraud with the particularity that Rule 9 requires.  Although plaintiff has alleged whom it believes acted fraudulently, i.e. the individual defendants, it must also allege what the false representations were, what property was involved, the date(s) of the misrepresentation(s), and how defendants are responsible for the alleged fraud.  Allstate Indem. Co. v. Dixon, 304 F.R.D. 580, 584 (W. D. Mo. 2015); Woodard v. American Family Mut. Ins. Co., 950 F. Supp. 1382, 1388-89 (N.D. Ill. 1997).

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendants to dismiss defendant Sign It Up, LLC from this action (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants for a more definite statement of the alleged fraud (Doc. 13) is sustained.  Plaintiff must file such statement no later than **December 1, 2015**.

**IT IS FURTHER ORDERED** that defendants may have until not later than **December 18, 2015** to file an answer or other responsive pleading to plaintiff's first amended complaint.

                                            /s/     David D. Noce              
                                     **UNITED STATES MAGISTRATE  JUDGE**

Signed and filed on November 19, 2015.