# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15 CV 1127 DDN |
| MARSHALL MILLER, DINA MILLER, and SIGN IT UP, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This action is before the court upon the motions of plaintiff (a) to strike from defendants' counterclaim references to the Missouri Code of State Insurance Regulations (Doc. 30), and (b) to dismiss Counts 3 and 4 of defendants' counterclaim (Doc. 32). The court heard oral argument on the motions on February 12, 2016.

## I.     BACKGROUND

Plaintiff American Family Mutual Insurance Company commenced this action against defendants Marshall Miller, Dina Miller, and Sign It Up, LLC. Plaintiff invokes the court's diversity of citizenship subject matter jurisdiction, which is granted by 28 U.S.C. § 1332. Upon motion of the defendants, the court ordered plaintiff to file a more definite statement regarding the alleged fraud committed by the defendants. Plaintiff filed a second amended complaint on November 28, 2015.

Plaintiff alleges the following. Plaintiff issued two policies (a homeowner's policy and a business owner's policy) on defendants' premises at 152 Southmore St., in

Hillsboro, Mo. While the policies were in effect, on February 12, 2015, the insured premises were damaged by fire. The Missouri State Fire Marshall issued a report stating the fire was "incendiary in nature with an unknown cause of origin." Defendants made claims under both policies for the damage to the property, its contents, and loss of business income. Plaintiff alleges that, because the fire was not accidental in nature, defendants' claims are not covered by the homeowner's policy (Count 1), and plaintiff invokes the business owners policy exclusion of coverage for losses arising out of any act of an insured (Count 2). Plaintiff seeks a declaratory judgment that it is not liable to defendants under either policy.

Defendants Marshall and Dina Miller have counterclaimed for breach of contract for plaintiff's failure to pay the claims on the homeowners policy (Count 1), vexatious refusal to pay on the homeowners policy (Count 2), common law fraud and statutory fraud (Count 3), and for publicly disclosing defendants' private financial history (Count 4).

## II. MOTION TO STRIKE

Plaintiff moves to strike from defendants' counterclaims all references to the Missouri State Code of Insurance Regulations. Plaintiff focuses specifically on paragraphs 11(g)(1) and 11(g)(2) of the defendants' counterclaim. In those two subparagraphs, defendants allege:

> (1) American Family failed to advise of the acceptance or denial of the claims within fifteen (15) working days after the submission of all forms necessary to establish the nature and extent of any claim as required by 20 CSR 100-1.050(1)(a);
>
> (2) American Family failed to notify Defendants of the status of its investigation and the reasons additional time was needed for investigation within 45 days from the date of initial notification and every 45 days thereafter as required by 20 CSR 100-1.050(1)(c).

(Doc. 28 at 4-5.)

Plaintiff argues that the Code of State Insurance Regulations does not provide defendants a private cause of action, and therefore the references to state insurance

regulations are irrelevant.  Defendants argue that they are not looking to the regulations for a cause of action, but to use them as a standard of care or conduct that plaintiff failed to meet in its denial of their policy claims.

## A.    <u>Legal Standard</u>

A motion to strike allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are disfavored and frequently denied.  <u>Stanbury Law Firm v. I.R.S.</u>, 221 F.3d 1059, 1063 (8th Cir. 2000).  Although the court enjoys broad discretion in determining whether to strike a party's allegations, doing so is considered extreme.  <u>Airstructures Worldwide, LTD v. Air Structures Am. Tech., Inc.</u>, No. 4:09 CV 10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009.)   In this case, the court must consider the allegations at issue in the light most favorable to the defendants.  <u>Speraneo v. Zeus Technology, Inc.</u>, No. 4:12 CV 578 JAR, 2012 WL 2117872 at *1 (E. D. Mo. June 11, 2012).  Also, the court should not decide new or close questions of law on a motion to strike, to avoid giving an advisory opinion.  <u>Airstructures Worldwide, Ltd.</u>, 2009 WL 792542, at *1; <u>see</u> <u>Lunsford v. United States</u>, 570 F.2d 221, 229–30 (8th Cir. 1977).

## B.    <u>Discussion</u>

Plaintiff argues that defendants' counterclaim improperly relies on Missouri state insurance regulations for a private cause of action.  Defendants argue they allege the regulations only as a standard of care in the insurance industry with which plaintiff failed to comply.  The court agrees with plaintiff that the Missouri state insurance regulations do not provide a private right of action.  Mo. Rev. Stat. § 375.1000.2.  However, they can be used to show conformance or nonconformance with the standards of the insurance industry.  <u>Cf.</u> <u>Stark Liquidation Co. v. Florists' Mut. Ins. Co.</u>, 243 S.W.3d 385, 401 (Mo. Ct. App. 2007).

Defendants have argued sufficient relevance of the state insurance regulations to overcome plaintiff's entitlement to relief on its Rule 12(f) motion to strike. The motion is denied.

### III. MOTION TO DISMISS

Plaintiff moves to dismiss defendants' counterclaim Counts 3 (statutory and common law fraud) and 4 (publication of private information) for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Plaintiff argues that defendants' counterclaim asserts a statutory basis for fraud that does not allow for a private cause of action; that defendants' claim for common law fraud cannot be proven and is preempted by statute; and that the claim for public disclosure of private facts is preempted by statute. Defendants argue they have asserted facts sufficient to plead these claims and these claims have not been superseded by statute.


#### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. See Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555. The pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005).

**B. Discussion**

**1. Count 3 – Statutory Fraud**

Plaintiff argues that defendants' invocation of Missouri Revised Statute § 375.144 fails to state a claim, because that statute does not provide a private right of action. Defendants counter that these references merely provide a standard by which a jury could evaluate plaintiff's conduct.

Section § 375.144 lists prohibited conduct for an insurance company or any person when offering, selling, soliciting, or negotiating insurance. However, it must be read in conjunction with its enforcement sections, §§ 375.145 and 375.146. Section 375.145.1 provides that "if the director determines" that "a violation of sections 375.012 to 375.144 or a rule adopted or issued pursuant thereto" has been committed then "the director may issue" administrative orders. Section 375.145.2 states that "the director may maintain a civil action for relief . . . ." "The creation of a private right of action by implication is not favored, and the trend is away from judicial inferences that a statute's violation is personally actionable." State Dept. of Social Servs., Div. of Med. Servs. v. Brundage, 85 S.W.3d 43, 49 (Mo. Ct. App. 2002) (quoting Shqeir v. Equifax, 636 S.W.2d 944, 947 (Mo. banc 1982))

The language used by defendants in their counterclaim clearly indicate their intention to plead a statutorily based fraud claim, in addition to the common law claim of fraud. Using the caption "**COUNT III – COMMON LAW and STATUTORY FRAUD**" defendants' counterclaim alleges,

> 16. Missouri Revised Statute § 375.144 makes it "unlawful for any person, in connection with the offer, sale, solicitation or negotiation of insurance, directly or indirectly to:
>
> > (1) Employ any deception, device, scheme, or artifice to defraud;
> >
> > (2) As to any material fact, make or use any misrepresentation, concealment or suppression;
> >
> > (3) Engage in any pattern or practice of making any false statement of material fact; or

(4)     Engage in any act, practice, or course of business which operates as a fraud or deceit upon any person.

(Doc. 28 at 8.)

The Missouri legislature specifically provided for the enforcement of the statutory and regulatory insurance industry standards by administrative action, see § 375.145 and by criminal prosecution by the appropriate prosecuting agency see § 375.146.   It did not do so by private civil action.  The court declines to interpret the relevant statutes to the contrary.

Therefore, plaintiff's motion to dismiss defendants' counterclaim for statutory fraud is sustained.


### 2.     Count 3 – Common Law Fraud

Defendants also allege plaintiff has committed common law fraud.  Plaintiff argues that defendants cannot prove "false representation of coverage", a required element, and therefore defendants fail to state a claim. Plaintiff further argues that defendants' counterclaim for fraud has been preempted by Missouri's statutes for breach of insurance contract and vexatious refusal to pay. Defendants respond that they have alleged facts sufficient to establish fraud, a claim that can be pled in addition to claims for breach of contract and vexatious refusal to pay.

In order to prove common law fraud, defendants must establish (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or his ignorance of the truth, (5) the speaker's intent that the representation be acted upon by the hearer in a manner reasonably contemplated, (6) the hearer's ignorance of the representation's falsity, (7) the hearer's reliance on the representation's truth, (8) the hearer's right to rely on the representation, and (9) injury to the hearer proximately caused by his reliance.  Minor v. Terry, 475 S.W.3d 124, 136 (Mo. Ct. App. 2014).

A tort claim, however, must arise from something other than the parties' contract. See Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870–71 (8th Cir. 2002). "[A]n insurance company's denial of coverage itself is actionable only as a breach of contract

and, where appropriate, a claim for vexatious refusal to pay." Overcast v. Billings Mutual Ins. Co., 11 S.W.3d 62, 69 (Mo. 2000) (en banc) (holding the defamation claim could be pursued, because it arose out of facts independent from the contract). In Ryann Spencer Grp., Inc. v. Assurance Co. of Am., 275 S.W.3d 284, 290 (Mo. Ct. App. 2008), plaintiff's claims for common law fraud and negligent representation against its insurance agency were not cognizable as claims separate from those alleging a breach of contract.

In the present case, defendants have alleged facts sufficient to plead a claim for common law fraud against plaintiff. The fourth element of fraud is satisfied by either knowledge of the falsity or ignorance of the truth, Ryann, 275 S.W.3d at 288; defendants have alleged plaintiff either lied or remained willfully ignorant about the limited definition of "accident". In Ryann the same argument was asserted—inducement to sign the contract through the insurance company's fraudulent statements regarding the contract terms. However, as in Ryann, defendants here are foreclosed from claiming common law fraud, because a remedy is provided through breach of contract and vexatious refusal to pay claims. Id. at 289–91.

Therefore, defendants' counterclaim for common law fraud does not state a claim upon which relief can be granted.

### 3. Count 4 – Public Disclosure of Private Facts

Defendants allege plaintiff disclosed private facts when it published defendants' private financial transactions and credit history to their neighbors, coworkers, and supervisors. Plaintiff argues that, like the claim for fraud, this action has been subsumed by statute, specifically Rev. Stat. Mo. § 375.420, which allows the insurance company to conduct an investigation into the origin of a fire before paying the claim. Defendants argue that § 375.420 does not speak to their privacy rights and these statutes do not give insurance companies broad immunity from suits outside the contract.

In order to prove a claim for public disclosure of private facts defendants must establish the following essential elements:

(1)     publication by plaintiff to a large number of people;

> (2) the absence of a grant by defendants to plaintiff of any waiver or privilege;
>
> (3) the disclosure of private information in which the public has no legitimate interest or concern; and
>
> (4) disclosure in such a way as to bring shame or humiliation to an individual of ordinary sensibilities.

Maxwell v. Express Scripts, Inc., No. 4:11 CV 1315 CDP, 2012 WL 996651, *7 (E.D. Mo. Mar. 22, 2012) (citing Y.G. v. Jewish Hosp. of St. Louis, 795 S.W.2d 488, 498–99 (Mo. Ct. App. 1990)).

The Missouri Supreme Court has stated that a common law tort may be preempted by statute, such as those that establish the claim of vexatious refusal to pay, but that assessment is made on a tort-by-tort basis. Overcast, 11 S.W.3d at 71. The vexatious refusal to pay legislation provides for recovery, when it is determined that an insurance company denied payment without a reasonable cause or excuse. Mo. Rev. Stat. § 375.420. Reasonably, an insurance company must be allowed to investigate to determine whether or not there is reason to deny coverage. Halford v. Am. Preferred Ins., 698 S.W.2d 40, 43 (Mo. Ct. App. 1985) (abrogated on other grounds); c.f. Doe Run Res. Corp. v. Certain Underwriters at Lloyd's of London, 400 S.W.3d 463, 471 (Mo. Ct. App. 2013) ("There may be no vexatious refusal where the insurer has reasonable cause to believe and does believe there is no liability under its policy and it has meritorious defense").

Here defendants do not allege that plaintiff did not have an obligation to conduct a thorough investigation. Rather they allege plaintiff took the information it learned ("certain information regarding private financial transactions and credit history of the Millers" (Doc. 28 at 11)) in its investigation and published it to persons who had no need or right to have it ("neighbors of the Millers, co-workers and supervisory personnel of Marshall Miller at his employer, Union Pacific Railroad"). (Id. at 11-12). The privacy claim here is not based on the elements of defendants' claim for vexatious refusal. Defendants have alleged enough facts to state a plausible claim for public disclosure of private facts outside of its reasonable investigation.

## IV.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of plaintiff to strike (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that the motion of plaintiff to dismiss defendants' counterclaim Count 3 for fraud (Doc. 32) is sustained.   Count 3 is dismissed with prejudice.  As to Count 4 for the public disclosure of private facts, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that the claims of plaintiff that remain for litigation are:

(1)    Count 1 -- for declaratory judgment against defendants Dina and Marshall Miller that the homeowner's insurance policy, No. 24-D42758-01, does not cover the damage incurred by defendants on February 12, 2015; and,

(2)    Count 2 -- for declaratory judgment against defendant Sign It Up, LLC that the business owner's insurance policy, No. 24XL-796104, does not cover the same damage.

**IT IS FURTHER ORDERED** that the counterclaim counts of defendants that remain for litigation are:

(1)    Count 1 -- against plaintiff for breach of the homeowners policy;

(2)    Count 2 -- against plaintiff for vexatious refusal to pay the claim on the homeowners policy; and,

(3)    Count 4 -- against plaintiff for public disclosure of private facts.


           /s/     David D. Noce
       **UNITED STATES MAGISTRATE  JUDGE**


Signed on March 11, 2016.