UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:15 CV 1127 DDN |
| MARSHALL MILLER, DINA MILLER, and SIGN IT UP, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the court are two pretrial motions of the defendants: (1) to amend this court's October 18, 2016 order to add a certification for interlocutory appeal or, in the alternative, for entry of a final judgment as to their Count 4 counterclaim of public disclosure of private financial information (ECF No. 116); and (2) to bifurcate the trial of this action into a nonjury trial of plaintiff's claim for a declaratory judgment and a jury trial of defendants' breach of contract and vexatious refusal claims (ECF No. 118). Both motions are denied.

### Motion for interlocutory appeal

Defendants seek an interlocutory appeal under 28 U.S.C. § 1292(b). Section 1292(b) permits the district court to certify an order for interlocutory appeal, if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) criteria do not apply to the October 18, 2016, order dismissing

defendants' Count 4 counterclaim. Defendants' Count 4 state law claim for public disclosure of private facts is distinct from their other claims, and an appeal would have no substantial effect on the ultimate determination of those claims. Accordingly, the motion for certification for interlocutory appeal is denied.

The court also denies defendants' request for entry of an appealable final judgment. Federal Rule of Civil Procedure 54 allows the court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether there is no just reason for delay, the court is to consider the equities of the situation and judicial administrative interests, especially the prevention of piecemeal appeals. *McAdams v. McCord,* 533 F.3d 924, 927 (8th Cir.2008). Appeals certified under Rule 54(b) are generally disfavored. *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010). The Eighth Circuit has held that only the special case warrants an immediate appeal of a partial disposition of an action. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). An important factor in determining whether a case ought to be immediately appealed is whether "there is some danger of hardship or injustice which an immediate appeal would alleviate." *Baka*, 593 F.3d at 715. While the defendants' Count 4 counterclaim is distinct from their other claims, defendants have not established any potential substantial danger of hardship or injustice that would occur by waiting for the resolution of the entire case. Accordingly, defendants' alternative motion is also denied.

Motion for separate trials

Defendants also seek an order that plaintiff's claim for a declaratory judgment be tried first without a jury, then to be followed by a jury trial of their counterclaims for breach of the insurance policies and vexatious refusal. Plaintiff commenced this action with its claim for a declaratory judgment. At base, plaintiff alleged defendants breached the applicable insurance policies, claims on which plaintiff could have demanded a jury. *See Smith Flooring, Inc. v. Pa. Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 936–37 (8th

Cir. 2013). However, it did not demand a jury in its complaint (ECF No. 1), and thereby waived one. Fed. R. Civ. P. 38(b), (d).

However, on its own motion the court is authorized to submit the factual allegations of plaintiff's claim to an advisory jury. Fed. R. Civ. P. 39(c). But it need not do so, because those same issues of fact are set to be tried to a jury as a matter of right on defendants' counterclaims for breach of the same insurance policies and for vexatious refusal. The court intends to submit the factual issues on all parties' claims to a jury on a special verdict form. Fed. R. Civ. P. 49. The jury's answers to the special verdict questions will inform the court on the proper judgment to be issued not only on defendants' counterclaims but also on plaintiff's claim for a declaration of the relative rights of the parties. *Nor-W. Cable Commc'ns P'ship v. City of St. Paul*, 924 F.2d 741, 745 (8th Cir. 1991) ("Where a case has been submitted to the jury on special verdicts . . . the jury's findings are usually binding on the district court unless they are against the weight of the evidence.").

Defendants argue that separate trials are necessary to avoid jury confusion when certain evidence is offered on their vexatious refusal claim, which evidence is not admissible on the parties' breach of contract claims. The court is confident that, with the assistance of counsel on both sides, it can properly instruct the jury on the purpose for which any evidence may be considered and for which it may not be considered. Fed. R. Evid. 105; *United States v. Wisecarver*, 598 F.3d 982, 989 (8th Cir. 2010) (ruling that jurors are presumed to follow all court instructions); *cf. Joiner v. Auto-Owners Mut. Ins. Co.*, 891 S.W.2d 479 (Mo. Ct. App. 1995).

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendants to amend the October 18, 2016, order to allow for an interlocutory appeal, or in the alternative for an entry of final judgment (ECF No. 116) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion of defendants for separate trials (ECF No. 118) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties' final pre-trial conference is set for **November 8, 2016, at 1:30 p.m.**, with jury selection to commence on **November 9, 2016, at 9 a.m.**, and the trial to begin on **November 16, 2016, at 9 a.m**.


          /s/     David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed and filed on November 2, 2016.